

**BROCK & GONZALES**
CLAYTON | BRANDES
6701 CENTER DRIVE WEST, STE. 610
LOS ANGELES, CA 90045
Tel:  (310) 294-9595
Fax: (310) 961-3673
ROBERT R. CLAYTON, STATE BAR NO. 202899
rc@brockgonzales.com
D. AARON BROCK, STATE BAR NO. 241919
ab@brockgonzales.com
ANDREW S. PLETCHER, STATE BAR NO. 299437
ap@brockgonzales.com

Louanne Masry, State Bar No. 190559
**MASRY LAW FIRM, APC**
2629 Townsgate Road, Suite 205
Westlake Village, California 91361
Telephone: (805) 719-3550
Facsimile: (805) 919-5259
Masry@MasryLaw.com

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA N., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF SAN BERNARDINO, a government entity;<br>SONNY AGUILERA, an individual; and<br>DOES 1 through 50, inclusive<br><br>Defendants. | Case No.: 5:24-cv-01593-KK-AGR<br>Assigned to: Hon. Kenly Kiya Kato<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**<br><br>*[Filed Concurrently with: Declaration of Andrew S. Pletcher in Reply; Declaration of Christina R. Kerner in Reply; Declaration of D. Aaron Brock in Reply]*<br><br>Hearing Date:  July 2, 2026<br>Time:              9:30 a.m.<br>Courtroom:      3<br>Location:  3470 Twelfth St., Riverside, CA 92501-3801 |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

# TABLE OF CONTENTS

I. DEFENDANT'S OPPOSITION FAILS TO COMPLY WITH THE COURT'S CIVIL STANDING ORDER ..................................................................6

II. DEFENDANT DID NOT SUBMIT ITS OWN BILLING RECORDS ...........6

III. DEFENDANT'S EXPERT SHOULD BE EXCLUDED ..............................7

IV. PLAINTIFF'S COUNSEL'S HOURLY RATES ARE REASONABLE.........9

    A. DEFENDANTS OFFER NO EXPERT OPINION REGARDING HOURLY RATE 9

    B. PLAINTIFF'S HOURLY RATES ARE REASONABLE .................................. 10

V. THE NUMBER OF HOURS CLAIMED IS REASONABLE ...................... 14

    A. DEFENDANT HAS NOT IDENTIFIED DUPLICATIVE WORK .................... 14

    B. TIME SPENT ON INTRA-OFFICE CONFERENCING IS REASONABLE ........ 15

    C. CLERICAL AND ADMINISTRATIVE TASKS ........................................... 16

    D. TIME SPENT ON TRIAL PREPARATION.................................................17

VI. DEFENDANT'S REQUEST FOR AN ACROSS-THE-BOARD REDUCTION SHOULD BE REJECTED...........................................................18

VII. ADDITIONAL TIME INCURRED OPPOSING DEFENDANT'S POST-TRIAL MOTIONS..........................................................................................20

VIII. CONCLUSION..........................................................................................20

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Augustus v. City of Los Angeles*, No. CV 22-2640-SB-AGRx, 2024 U.S. Dist. LEXIS 44380, 2024 WL 994686, at *11 (C.D. Cal. Feb. 5, 2024) ..................... 10

*Bobol v. HP Pavilion Mgmt.*, No. 04-CV-00082-JW, 2006 WL 927332, at *4 n.5 (N.D. Cal. Apr. 10, 2006) ............................................................................... 8

*Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ................... 10

*Chalmers,* 676 F. Supp. at 1526-27 ....................................................................... 10

*Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) ....... 7, 14, 16

*Cruz ex rel. Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1192 (C.D. Cal. 2009) ........................................................................................................... 15

*Curtin v. County of Orange*, No. SACV16-00591-SVW-PLA, 2018 WL 10320668, at *11 (C.D. Cal. Jan. 31, 2018) ...................................................................... 7

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) .............................................................................................................. 15

*Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) 16

*Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) ... 13

*Est. of Aguirre v. Cnty. of Riverside*, No. CV 18-762-DMG-SPx, 2024 WL 2107727, at *4 (C.D. Cal. Mar. 29, 2024) ................................................... 9

*General Electric Co. v. Joiner* 522 U.S. 136, 146 (1997) ..................................... 15

*Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ..................... 17

*Hensley v. Eckerhart*, 461 U.S. 424, 437, fn.12 (1983) ............................. 16, 18, 19

*Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1166 (9th Cir. 2019) ..... 18

*Kochenderfer v. Reliance Standard Life Ins. Co.*, No. 06-CV-620 JLS (NLS), 2010 WL 1912867, *4 (S.D. Cal. Apr. 21, 2010) ..................................................... 9

*L.A. International Corporation v. Prestige Brands Holdings, Inc.*, 185 F.4th 1025 (9th Cir. 2026) .............................................................................................. 6

*Lucas R. v. Robert F. Kennedy, Jr.*, 2:18-cv-05741-DMG-BFM (C.D. CA 2026) 15

3

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

*Matkovich v. Costco Wholesale Corporation, et al.* (C.D. Cal. Aug. 24, 2017).....12

*Miller v. Vicorp Restaurants, Inc.,.* 2006 WL 212021, at *1, fn. 1 (N.D. Cal. Jan. 11, 2006)......................................................................................................7

*Mirabelli v Olson*, 2026 WL 907163 (S.D. CA 2026)...............................................7

*Mitchell v Chavez*, Order Granting Plaintiff's Motion For Attorneys Fees, No. 1:13-cv-01324-DAD-EPG (E.D. Cal. Jun. 29, 2018)..........................................17

*National Rifle Association v. City of Los Angeles* (C.D. Cal. Sep. 29, 2020), Case No. 2:19-cv-03212-SVW-GJS .........................................................................10

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)..............................................................................................................7

Paton v. Geico General Insurance Co., 190 So. 3d 1047 (Fla. 2016) .......................5

*Seachris v. Brady-Hamilton Stevedore Co.,* 994 F3d 1066, 1078 (9th Cir. 2021) . 10

*Smith v. City of La Verne*, et.al., No. CV-23-644-KK-Ex, 2024 U.S. Dist. LEXIS 176455, *8  (C.D. Cal. Sept 4, 2024) ...................................................................9

*United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993) ..........................6

*Valenzuela v. City of Anaheim*, No. SACV 17-278-CJC-DFMx, 2023 U.S. Dist. LEXIS 32012, 2023 WL 2249178, at *3 (C.D. Cal. Feb. 23, 2023)....................10

*Zelaya v. City of Los Angeles*, No. CV 20-8382-ODW-MAAx, 2024 U.S. Dist. LEXIS 112652, 2024 WL 3183882, at *3-4 (C.D. Cal. June 25, 2024) ................9

**STATE CASES**

*Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1329 (2008) ..........17

*Morris v. Hyundai Motor Am.,* 41 Cal. App. 5th 24, 41, 253 Cal. Rptr. 3d 592 (Cal. Ct. App. 2019) ......................................................................................................9

*United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)..............................................................................................................9

*United Steelworkers of Am.v. Phelps Dodge Corp.*, 896 F.2d 403 (9th Cir. 1990)..9

///

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

**OTHER AUTHORITIES**

Alan Hirsch and Diane Sheehey, Federal Judicial Center, Awarding Attorneys' Fees and Managing Fee Litigation 128 (3d Ed. 2015) ...........................................5

Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar, 2d ed. 2007 Supp.).........................5

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

## I.    DEFENDANT'S OPPOSITION FAILS TO COMPLY WITH THE COURT'S CIVIL STANDING ORDER

Defendant's Opposition does not comply with Section 9 of this Court's Civil Standing Order. The Standing Order then requires Defendant to specify its objections to the fee requests and time spent in the form set forth below:

| Attorney | Date | Description | Time Challenged | Reduce By | Objection | Reason For Objection |
|---|---|---|---|---|---|---|
| J. Doe | 1/21/21 | T/C with consultant | 3.0 | 3.0 | Vague | Fails to articulate who the consultant was and what the conversation concerned |

Instead of doing this, Defendant utilized its own format which makes it nearly impossible to understand precisely the amount of time Defendant contends is reasonable, or unreasonable, and how that is calculated.  See Exhibit 30, 31, 35. It should not be overlooked that, while Defendant argues at great length that Plaintiff spent too much time litigating this case, Defendant did not take the time to comply with the basic rules regarding the instant motion. Plaintiff's Motion should be granted in full for this reason alone.

## II.    DEFENDANT DID NOT SUBMIT ITS OWN BILLING RECORDS

In her Motion, Plaintiff stated: "to the extent that Defendant challenges any of Plaintiff's billing entries, they should submit their own billing entries as to that matter, as evidence of what they believe is reasonable. Because any attacks on Plaintiff's billings are, by definition, self-interested, they should not be unsupported." See Motion p. 17:1-4; see also e.g., Alan Hirsch and Diane Sheehey, Federal Judicial Center, Awarding Attorneys' Fees and Managing Fee Litigation 128 (3d Ed. 2015); Pearl, Cal. Attorney Fee Awards (Cont.Ed.Bar, 2d ed. 2007 Supp.) § 14.36, pp. 444.1-444.2; Paton v. Geico General Insurance Co., 190 So. 3d 1047 (Fla. 2016).

Not surprisingly, Defendant did not submit its own billing records. Instead, they chose to hire an "expert" to state that Plaintiff's time spent and hourly rates

6

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES

were excessive. But Defendant did not give their own expert their billing records so he could see what time expenditure are reasonable. In fact, Defendant's expert did not disclose his billing records. Therefore, the instant Motion should be granted, and Defendant's expert's opinion should be disregarded in full for this reason alone.

## III.  DEFENDANT'S EXPERT SHOULD BE EXCLUDED

Defendant supports its Motion with the Declaration of James P. Schratz, who apparently believes his role in this case is to be an unappointed, unconfirmed Article III Judge, deciding issues such as reasonableness and the sufficiency of evidence. See e.g., Schratz Declaration, ¶80 ("In my opinion, Plaintiff's attorneys have not submitted evidence that would support the reasonableness of the hourly rates sought."); ¶125 ("I have allowed Mr. Clayton and Mr. Brock to both bill to attend trial.") Sometimes, instead of offering his own rulings, he is gracious and defers to this Court. ¶174 ("As for the skill factor displayed by counsel, the Court is best placed to decide whether that skill warrants the imposition of a multiplier.") Under federal law, expert opinion may be excluded where it seeks to invade the "exclusive province of the trial judge." *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993). That is precisely what Mr. Schratz's testimony seeks to do.

There is an even deeper problem. Unlike an Article III judge, in offering his Article III opinions, Mr. Schratz feels entirely unconstrained by Ninth Circuit precedent. For example, Mr. Schratz employs a criterion that is forbidden by the Ninth Circuit,[1] namely firm size. *L.A. International Corporation v. Prestige Brands Holdings, Inc.*, 185 F.4th 1025 (9th Cir. 2026) ("A firm's size does not directly bear

---

[1] Notably, Mr. Schratz reliance on this factor had been called into question by District Courts for over a declade before the Ninth Circuit confirmed it is not a proper factor for consideration. See e.g., *Kalani v. Starbucks Corporation*, 2016 WL 379623 (N.D. Cal. Feb. 1, 2016) ("Schratz cites no Ninth Circuit authority holding that attorneys who practice at small law firms should be forced to recover fees at a lower hourly rate than those at large law firms, regardless of the prevailing market rates for a particular type of work. Like other district courts that have rejected this contention, the Court is not persuaded that prevailing clients of civil rights attorneys practicing at smaller firms should be penalized in the manner Schratz suggests.")

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

on the factors we must consider when awarding fees – the lawyer's skill, experience, and reputation.")

Despite this clear authority, Mr. Schratz stubbornly refuses to yield on this point and uses a significant portion of his declaration to argue with the Ninth Circuit that its *L.A. International Corporation* decision was wrong and firm size does directly bear on the factors used when awarding fees (See Schratz Dec., ¶¶86-105). He ultimately opines, contrary to Ninth Circuit authority that "Both of Plaintiff's law firms are small firms . . . [and] . . . small firm rates are less than larger firms' rates, which should be taken into consideration when determining reasonable rates." See Schratz Declaration, ¶104.  In employing improper criteria, he disqualifies himself. See, *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) ("Zadek's legal conclusions not only invaded the province of the trial judge, but constituted erroneous statements of law.").

Similarly, while the  Ninth Circuit is clear that  "By and large, the district court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case" (*Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)), Mr. Schratz does not hold himself to this standard and, in fact, never cites to it, but nonetheless nitpicks Plaintiff's work.

It is little wonder that Courts routinely overlook Mr. Schratz's testimony. *Miller v. Vicorp Restaurants, Inc.,*. 2006 WL 212021, at *1, fn. 1 (N.D. Cal. Jan. 11, 2006) ("the court does not find Schratz's declaration helpful."); *Mirabelli v Olson*, 2026 WL 907163 (S.D. CA 2026) ("The court disregards the Schratz opinion because it lacks objectivity, as other courts have mentioned, and because it relies on a large firm / small firm distinction for allowable hourly rates—a distinction the Ninth Circuit Court of Appeals has recently rejected."); *Curtin v. County of Orange*, No. SACV16-00591-SVW-PLA, 2018 WL 10320668, at *11 (C.D. Cal. Jan. 31, 2018) ("[m]ultiple courts, including the Ninth Circuit, have already held that his methodology in calculating fees lacks legal and factual support.")

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

Indeed, Mr. Schratz is not even in a position to address the factors that are actually relevant in awarding fees. *Bobol v. HP Pavilion Mgmt.*, No. 04-CV-00082-JW, 2006 WL 927332, at *4 n.5 (N.D. Cal. Apr. 10, 2006) ("by looking only at average rates among small firms as a whole, Schratz's analysis fails to account for relevant factors such as the skill and reputation of the attorney and the nature of the legal work at issue.") Rather, the Court, who oversaw the litigation including the trial, is in a far superior position to evaluate these factors.

## IV.    PLAINTIFF'S COUNSEL'S HOURLY RATES ARE REASONABLE

### A. Defendants Offer No Expert Opinion Regarding Hourly Rate

As set forth above, Defendant offers the declaration of James R. Schratz regarding Plaintiff's counsel's reasonable hourly rate.  However, while Mr. Schratz repeatedly discusses his "standard audit methodology," he employs absolutely no methodology in coming to his proposed hourly rates. While Mr. Schratz's declaration cites to numerous surveys, none of them are cited to support his proposed rates. Accordingly, nothing in his testimony regarding hourly rates satisfies the requirements of FRE 702 for expert witness admissibility.

Mr. Schratz claimed that $854 is the proper hourly rate for Robert Clayton, not due to any survey data or methodology but because Mr. Clayton tried the case along with Mr. Brock. Schratz Decl., ¶ 115. ("As Mr. Clayton tried the case along with Mr. Brock, it is my opinion that he also should be awarded fees at no more than $854 per hour.") This is not expert opinion.

Ms. Masry's proposed rate is simply plucked out of thin air with no basis or analysis whatsoever. Schratz Decl., ¶ 115 ("Based upon her limited work in this case, but with some deference to her 29 years of law practice, it is my opinion that she should be awarded fees at no more than $800 per hour.") Again, this is not expert opinion.

Moreover, to the extent that Mr. Schratz' testimony is construed as a non-expert attorney declaration, both Defendants and Mr. Schratz admit, such

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

declarations are of limited value. *Kochenderfer v. Reliance Standard Life Ins. Co.*, No. 06-CV-620 JLS (NLS), 2010 WL 1912867, \*4 (S.D. Cal. Apr. 21, 2010) ("Courts in the Ninth Circuit have questioned the value of attorney declarations purporting to be evidence of a reasonable rate because these declarations 'are both self-serving and self-perpetuating.'")

### B. Plaintiff's Hourly Rates Are Reasonable

To determine the reasonable hourly rate, "the court may rely on its own knowledge and familiarity with the legal market, as well as the experience, skill, and reputation of the attorney requesting fees, the difficulty or complexity of the litigation to which that skill was applied, and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases." *Morris v. Hyundai Motor Am.,* 41 Cal. App. 5th 24, 41, 253 Cal. Rptr. 3d 592 (Cal. Ct. App. 2019) (internal alterations omitted).

The case law overwhelmingly supports Plaintiff's position. Prior orders by other Courts in the Ninth Circuit are particularly objective and helpful, as they are easily verifiable records of what is awarded. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) ("[R]ate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate.")

In this regard, Plaintiff presented numerous citations to Central District cases showing District Courts in the Ninth Circuit routinely award lead counsel $1,000/hour or more and high-level associates/of counsel in the range of $650-750/hour. *See e.g., Smith v. City of La Verne*, et.al., No. CV-23-644-KK-Ex, 2024 U.S. Dist. LEXIS 176455, \*8  (C.D. Cal. Sept 4, 2024); *Zelaya v. City of Los Angeles*, No. CV 20-8382-ODW-MAAx, 2024 U.S. Dist. LEXIS 112652, 2024 WL 3183882, at \*3-4 (C.D. Cal. June 25, 2024);  *Est. of Aguirre v. Cnty. of Riverside*, No. CV 18-762-DMG-SPx, 2024 WL 2107727, at \*4 (C.D. Cal. Mar. 29, 2024); *Augustus v. City of Los Angeles*, No. CV 22-2640-SB-AGRx, 2024 U.S. Dist.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

LEXIS 44380, 2024 WL 994686, at *11 (C.D. Cal. Feb. 5, 2024); *Valenzuela v. City of Anaheim*, No. SACV 17-278-CJC-DFMx, 2023 U.S. Dist. LEXIS 32012, 2023 WL 2249178, at *3 (C.D. Cal. Feb. 23, 2023).  In other words, Plaintiff's counsel's hourly rates are perfectly consistent with, and often lower than, what is awarded.

Notably, the above are contemporary orders, and not orders from a pre-inflationary time. See e.g., *Seachris v. Brady-Hamilton Stevedore Co.,* 994 F3d 1066, 1078 (9th Cir. 2021) (noting that Administrative Law Judge "appropriately" adjusted data for inflation); *see also Chalmers,* 676 F. Supp. at 1526-27 (broad discussion of rate of inflation on attorneys' fees schedules)  In this regard,  a district court abuses its discretion to the extent it relies on cases decided years before the attorneys actually rendered their services. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008).

Defendant's Opposition does not cite to a single case in response.  The only cases cited to are three unpublished cases contained in Mr. Schratz's Declaration, ¶107-109.

*National Rifle Association v. City of Los Angeles* (C.D. Cal. Sep. 29, 2020), Case No. 2:19-cv-03212-SVW-GJS, does not support Defendants because there the Court awarded the attorneys the exact rate they requested.

The remaining two cases strongly support Plaintiff, once adjusted for inflation. Mr. Schratz also concedes that legal fees should increase at 4% per year. See Schratz's Decl, ¶69.  Applying this rate to the cases he cites shows that Plaintiff's requested rates are reasonable:

| Case | Attorney | Rate | Escalated by 4% Annually | Comparaable Plaintiff's Attorney | Rate |
|------|----------|------|--------------------------|-----------------------------------|------|
| *Smith v. County of Riverside* | John Harris, 44 Years | $720 | $947 | Brock/Clayton/Masry | $1000 |

11

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

| | | | | | |
|---|---|---|---|---|---|
| (C.D. Cal. June 17, 2019), Case No. EDCV 16-227 JGB (KKx). | | | | | |
| *Estate of Aguirre v. County of Riverside* (C.D. Cal. Mar. 29, 2024), Case No. CV 5:18-cv-00762-DMG-SP | Hang Le, 11 Year Attorney | $700 | $757 | Pletcher | $750 |
| *Estate of Aguirre v. County of Riverside (C.D. Cal. Mar. 29, 2024),* Case No. CV 5:18-cv-00762- | Zelaya, 12 Year Attorney | $700 | $757 | Pletcher | $750 |

12

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

| DMG-SP | | | | | |
|---|---|---|---|---|---|
| *Estate of Aguirre v. County of Riverside (C.D. Cal. Mar. 29, 2024), Case No. CV 5:18-cv-00762-DMG-SP* | Aguirre, 11 Year Attorney | $650 | $703 | Kerner | $650 |

With respect to "skill" in its Opposition, Defendants state, "The City does not dispute that Plaintiff's counsel are skilled attorneys with experience in civil rights matters." See Opposition p. 17:17-18.

With respect to "difficulty," Defendant disingenuously states, "this was not a difficult case." See Opposition p. 18:1. One wonders if Defense counsel ever said that to their own clients, or if that is just a position they are taking to oppose a prevailing party fee motion. Similarly, Mr. Schratz's opinion on this subject should be disregarded because he is, by his own admission, simply repeating what Defense counsel told him to say. See Schratz Declaration, ¶173 ("based upon my reading of the case documents and discussions with defense counsel, this was not a difficult case.")

The main two grounds for Defendant's position seem to be, first, that in 2017, Mr. Brock was awarded fees at a rate lower than $1,000/hour in *Matkovich v. Costco Wholesale Corporation, et al.* (C.D. Cal. Aug. 24, 2017), Case No. LA CV 15-2057 JCG.  However, that case was in 2017, almost 10 years ago, pre-pandemic, pre-

13

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

inflation, and Mr. Brock was not lead counsel. His hourly fee must not only increase with the times, but also increase with his changed role. The second ground for Defendant's position is that Plaintiff's counsel work at "small firms." However, as set forth above, that is not a proper basis to determine hourly rate.

Plaintiff's hourly rates are squarely in line with what currently awarded in the Central District and should be awarded to them as prevailing counsel herein.

## V.    THE NUMBER OF HOURS CLAIMED IS REASONABLE

### A. Defendant Has Not Identified Duplicative Work

Defendant first argues that Plaintiff billed for duplicative work. See Opposition III.B.1. However, as the Ninth Circuit has made clear, duplication is inevitable and the Court's focus must be on unnecessary duplication. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("One certainly expects some degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free.") It is difficult to know with certainty Defendant's position in this regard because it did not comply with Section 9 of this Court's Civil Standing Order, but it seems that Defendants claim that of all of the hours billed by Plaintiff over the more than 3 years Plaintiff litigated the case, only 50.9 hours were duplicative. That, even if true, is amazingly efficient.

Defendants also claim, "It is unreasonable for Ms. Kerner to bill for attending trial when she had no meaningful participation in the trial other than by being present in the courtroom." See Opposition p. 12:15-16. However, the use of multiple attorneys at trial has been addressed by the Ninth Circuit in *Democratic Party of Wash. State v. Reed*, 388 F.3d 1281, 1286 (9th Cir. 2004) as follows:

"Participation of more than one attorney does not necessarily amount to unnecessary duplication of effort. Courts must exercise judgment and discretion, considering the circumstances of the individual case, to decide whether there was unnecessary duplication. For example, if lawyers merely watch so that they can learn and use their knowledge in subsequent cases, their

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

time should not be billed. But if, for example, they are there because their assistance is or may be needed by the lawyer arguing the case, as when a judge asks "where is that in the record," and one lawyer must frantically flip through pages and find the reference to hand to the lawyer arguing, then the assistance is most definitely necessary.")

Instead of citing to the prevailing authority, Mr. Schratz's opinion regarding Ms. Kerner's assistance at trial is simply repeating what Defense counsel told him to say.  See Schratz Declaration p. 3:28:-4:1 ("based upon my review of the trial transcripts and discussions with defense counsel, the presence of a third attorney was not justified.")  As set forth in her time records, Ms. Kerner conducted significant discovery in this case.  And because this was a sexual-assault case, her trusted relationship with Plaintiff and presence at trial was important and helpful to the effective prosecution of Plaintiff's claims. See Declaration of D. Aaron Brock in Reply ¶¶ 2-9.  Defendants have not presented any reason to disregard this. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014) ("By and large, the district court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.")

B. <u>Time Spent On Intra-Office Conferencing Is Reasonable</u>

Defendant next challenges the 61.85 hours spent in intra-office conferences. See Opposition III.B.2.   There are multiple problems with this.

First, this case was litigated by two law firms for Plaintiff.   Coordination between two firms is not "intra-office conferencing." It is essential to litigation success.

Second, this objection simply does not reflect the reality of litigating a case with a team, which requires planning.  It is hard to imagine any attorneys that do not speak about their case as a group.

Third, this objection is not based upon the law.  "Time billed for internal conferencing is recoverable to the extent it is reasonably necessary to conducting

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

the litigation." *Cruz ex rel. Cruz v. Alhambra Sch. Dist.*, 601 F. Supp. 2d 1183, 1192 (C.D. Cal. 2009). Of course, some attorneys can take conferencing to an extreme, but 62 hours in 3 years of litigation is more than reasonable. See *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)("By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won.")

Finally, Mr. Schratz states "in general I have found that the amount of intra-office conferencing in well-managed litigation averaged between two to four percent of the total fees." Mr. Schratz Decl, ¶137. It is entirely unclear how Mr. Schratz defines "well-managed litigation." Moreover, it is entirely unclear how this 4% was calculated. If this was a formal study, Mr. Schratz certainly did not publish it. If this is "ipse dixit" it should be excluded. *General Electric Co. v. Joiner* 522 U.S. 136, 146 (1997) ("nothing . . . requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert"); *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 43 F.3d 1311, 1316 (9th Cir. 1995) (observing that the gatekeeping role requires a district court to make a reliability inquiry, and that "the expert's bald assurance of validity is not enough.")

C. Clerical And Administrative Tasks

Defendant next challenges certain time entries claiming that it was clerical or administrative tasks. See Opposition III.B.3.

The distinction between clerical ("booking flights and hotels" or "calendar new trial dates") mixed ("Review, revise, finalize, and serve 30(b)(6) deposition notice") and not-clerical work ("Cite check class certification brief") is well illustrated in *Lucas R. v. Robert F. Kennedy, Jr.*, 2:18-cv-05741-DMG-BFM (C.D. CA 2026).

In this case, the matters objected to are either not clerical (2024-09-27, Pletcher, Andrew, Prepare notice of appearance paperwork for filing in Central District/Court, 0.20) or de minimis in time (2025-08-11, Kerner, Christina, Text

16

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

communication with client to set up call, 0.10 hour). Indeed, the total amount of "clerical or administrative" challenges are less than 7 hours.

Plaintiff litigated the case as efficiently as possible, as demonstrated by the fact that Defendants challenge less than 7 hours over the course of three years. This provides no reason to reduce any fees. *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105 (9th Cir. 2014)("By and large, the district court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case.")

D. Time Spent On Trial Preparation

Defendant next challenges time spent preparing for trial by Mr. Brock on the grounds that it is not specific enough. See Opposition III.B.4. Notably, Defendants concede, "the City is not disputing that Mr. Brock prepared for trial." See Opposition p. 14:1; Schratz Declaration, ¶148 ("The auditor is not questioning whether or not the work listed in the table above was done.") They simply claim that the time should be disallowed because the entry is not specific enough.

However, counsel "is not required to record in great detail how each minute of his time was expended," and need only "identify the general subject matter of his time expenditures." *Hensley v. Eckerhart*, 461 U.S. 424, 437, fn.12 (1983); *see also Davis v. City and County of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992) ("The example challenged by the City as an instance of poor documentation is a time record describing several hours as having been spent at a counsel's meeting that "occurred less than a month before the plaintiff's complaint was filed" and at which a host of issues were discussed in connection with the filing. Contrary to the City's characterization of this description as wholly inadequate, it conveys information sufficient to pass muster under the Hensley standard.")

Indeed, it is well recognized that attorneys cannot always itemize their time with precision, particularly in hectic times such as trial preparation. See e.g., *Mitchell v Chavez,* Order Granting Plaintiff's Motion For Attorneys Fees, No. 1:13-

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

cv-01324-DAD-EPG (E.D. Cal. Jun. 29, 2018) ("It is not unreasonable that an attorney in trial, a settlement conference, or another in-court proceeding would not break down in six-minute increments how their time at the courthouse was precisely spent.")   As there is no dispute that Mr. Brock prepared for trial, this time should be awarded.

## VI.   DEFENDANT'S REQUEST FOR AN ACROSS-THE-BOARD REDUCTION SHOULD BE REJECTED.

As set forth above, the billing matters that Defendant disputes are truly minor. Nevertheless, Defendant relies principally upon *Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1329 (2008), to argue that the Court should make an across-the-board reduction to Plaintiff's fee request.   There are multiple problems with this.

First, such across-the-board reductions are disfavored in the Ninth Circuit. See *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).   In *Gonzalez v. City of Maywood*, 729 F.3d 1196 (9th Cir. 2013), the Ninth Circuit made clear that "when a district court reduces either the number of hours or the lodestar by a certain percentage greater than 10%, it must provide a clear and concise explanation for why it chose the specific percentage to apply," *Id.* at 1200.   Any such percentage reduction must be in direct proportion to the issue giving rise to it.   *Id.* ("The court's stated reason for choosing to apply an additional 20% reduction for unrelated billing entries was that such entries "permeate[d] the billing records" and the "voluminous nature" of the records precluded the court from making "line-by-line deductions." However, the district court did not indicate that 20% was in any way proportional to the number of entries that suffered from this defect.")

Second, the case Defendant relies upon, *Christian Research Institute v. Alnor*, 165 Cal.App.4th 1315, 1329 (2008), was a California Court of Appeal case where the prevailing party submitted a completely careless and reckless fee request that included "noncompensable, vague, blockbilled attorney time entries" and claimed

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

"more than 400 hours counsel logged on appeal [yet] failed to uncover or cite the seminal cases applying the dispositive standard." When the district court cut the number of hours from 600 to 71, the Court of Appeal affirmed, holding, "The trial court could reasonably conclude counsel's disregard for the law undercut the credibility of their fee request and, as officers of the court, warranted a severe reaction." That case bears no relationship to the instant one. Plaintiff's billing records in this case are excellent and even Defendant only challenges a limited portion of them. There are no grounds to apply any across-the-board cut.

Defendant also claims that since all claims against the City were adjudicated on summary judgment, Plaintiff's prevailing party fee award should be reduced by 20%. However, this misapprehends the standard for limited success reductions.

"A reduced fee award is appropriate if the relief . . . is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983). *Hensley* provides a two-prong analysis. The first question is whether Plaintiff's unsuccessful claims were unrelated to the claims on which they succeeded. *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1166 (9th Cir. 2019). Claims are related if they involve a common core of facts or are based on related legal theories. *Id*. (clarifying that commonality of "both facts and law" is not required to conclude that claims are related). Where a plaintiff's claims for relief are related, the "district court should focus on the significance of the overall relief obtained by the plaintiff." *Hensley*, 461 U.S. at 435.

The second question is whether Plaintiff achieved "a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award[.]" *Ibrahim*, 912 F.3d at 1172 (internal quotation marks omitted). Courts should permit a full fee award where a plaintiff "has obtained excellent results." *Id*. at 1173; *Hensley*, 461 U.S. at 435. "In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." Id. at 435. Put concisely, "[t]he result is what matters." *Id*.

19

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

Using this framework, there is no basis for reduction. While the City was dismissed on summary judgment, the remaining claims involved an identical core of facts and there was no reduction in the available damages. Moreover, the overall relief obtained by Plaintiff was excellent. Accordingly, "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Hensley*, 461 U.S. at 435.

## VII.   ADDITIONAL TIME INCURRED OPPOSING DEFENDANT'S POST-TRIAL MOTIONS

Since this Motion was filed, Plaintiff has incurred the following additional time, all of which should be awarded. Between June 6-7, 2026, Plaintiff's counsel, Andrew Pletcher, spent 12.3 hours opposing Defendant's Motion for New Trial. *See,* Declaration of Andrew S. Pletcher in Support of Plaintiff's Reply to Defendant's Opposition for Attorneys' Fees ¶¶ 3-4. And between June 9-10, 2026, Plaintiff's counsel, Andrew Pletcher, spent 8.9 hours opposing Defendant's Motion to Amend Findings of Fact and Conclusions of Law. *See, Id.* at ¶¶ 5-6. Accordingly, Plaintiff requests an additional 21.2 hours of legal fees at a rate of $750.00 per hour for a total of $15,900.

## VIII. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court award attorneys' fees in the amount of $765,735 (as shown below) with a multiplier of 1.25 for a total of nine hundred fifty-seven thousand one hundred sixty-eight dollars and seventy-five cents ($957,168.75).

| Attorney | Yrs Practice (Grad Yr) | Rate | Hours | Total |
|---|---|---|---|---|
| Robert R. Clayton (Partner) | 1999 | $1000 | 252 | $252,000 |
| D. Aaron Brock (Partner) | 2006 | $1000 | 122.8 | $122,800 |

20

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

| Louanne Masry (Partner) | 1997 | $1000 | 44.25 | $44,250 |
|---|---|---|---|---|
| Christina Kerner (Senior Associate) | 2017 | $650 | 252 | $194,285 |
| Andrew Pletcher (Of Counsel) | 2014 | $750 | 203.2 | $152,400 |
| | | Total: | | $765,735 |

DATED:  June 18, 2026

BROCK & GONZALES, LLP

By:_____

ROBERT R. CLAYTON
D. AARON BROCK
ANDREW S. PLETCHER
Attorneys for Plaintiff

21

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**

## <u>CERTIFICATE OF WORD COUNT</u>

Counsel of Record hereby certifies that pursuant to Local Rule 11-6.2 (Certificate of Compliance) of the Local Rules – Central District of California, the text of this brief consists of 4,445 words out of 7,000 words, "including headings, footnotes and quotations but excluding the caption, the table of contents, the table of authorities, the signature block, the certification required by L.R. 11-6.2, and any indices and exhibits" as counted by Microsoft Word word-processing program used to generate this brief.

DATED:  June 18, 2026

BROCK & GONZALES, LLP

By:_____
  ROBERT R. CLAYTON
  D. AARON BROCK
  ANDREW S. PLETCHER
  Attorneys for Plaintiff

22

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR ATTORNEY'S FEES**